```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF MISSOURI
                       EASTERN DIVISION
```

ARBARY PHILLIP JACKSON,            )
                                   )
            Plaintiff,             )
                                   )
      v.                           )     No. 4:10-CV-104-CDP
                                   )
CHAIRMAN AND MEMBERS OF THE        )
MISSOURI BOARD OF PROBATION        )
AND PAROLE,                        )
                                   )
            Defendants.            )

## MEMORANDUM AND ORDER

This matter is before the Court upon the application of Arbary Phillip Jackson for leave to commence this action without payment of the required filing fee. See 28 U.S.C. § 1915(a).

Local Rule 2.05(A) provides that "[a]n application to proceed in forma pauperis shall be accompanied by a statement of the applicant's financial information set forth on a form provided by the Court." Although plaintiff has submitted a motion to proceed in forma pauperis [Doc. #2], the motion was not submitted on this Court's form "Motion to Proceed without Prepayment of Costs" and was not accompanied by the court-provided "Affidavit in Support Thereof (Financial Affidavit - CJA Form 23)." As such, the Court is unable to determine, at this time, whether plaintiff is financially unable to pay the filing fee. See 28 U.S.C. § 1915(a), Local Rule 2.05(A).

Because plaintiff is proceeding pro se, the Court will grant him additional time in which to submit the requisite forms, as set forth below.

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544,570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

**The complaint**

Plaintiff is a Missouri parolee who contends that the monthly fee assessed against him by the Missouri Board of Probation and Parole violates the Ex Post Facto Clause of the United States Constitution, is forbidden by the Constitution's Bill of Attainder Clause, and deprives him of due process.

It is unclear to the Court who the intended defendants are in this action and where they can be found for purposes of service of process; plaintiff has simply named "Chairman and Members of the Missouri Board of Probation and Parole" as the

2

defendants in this action. Moreover, plaintiff has not filed his complaint on a court-provided civil complaint form. Taking into consideration the fact that plaintiff is proceeding pro se and in forma pauperis, the Court will grant him time to file an amended complaint in accordance with the instructions set forth below. Plaintiff is reminded that his amended complaint will supersede his original complaint and will be the only complaint this Court reviews. Thus, plaintiff must include and name in the "Caption" of the amended complaint the names of all the defendants he wishes to sue; and in the "Statement of Claim," he must set forth specific facts against each named defendant, and whether he suing the defendant in his/her individual and/or official capacity. If plaintiff needs additional space to list all the defendants or to set out his claims against each defendant, he must attach additional sheets of paper to the complaint and clearly identify each sheet as part of his Caption or Statement of Claim. Plaintiff risks dismissal of this action if he fails to comply with this Court's instructions.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint at this time.

**IT IS FURTHER ORDERED** that the Clerk of Court shall provide plaintiff with the court forms entitled "Motion to Proceed without Prepayment of Costs" and "Affidavit in Support Thereof (Financial Affidavit - CJA Form 23)."

**IT IS FURTHER ORDERED** that plaintiff shall have thirty (30) days from the date of this Order to pay the statutory filing fee of $350.00, or to submit a fully completed and signed "Motion to Proceed without Prepayment of Costs" and "Affidavit in Support Thereof (Financial Affidavit - CJA Form 23)."

**IT IS FURTHER ORDERED** that if, within thirty (30) days from the date of this Order, plaintiff fails to pay the filing fee or to submit a fully completed and signed "Motion to Proceed without Prepayment of Costs" and "Affidavit in Support Thereof (Financial Affidavit - CJA Form 23)," the case shall be dismissed, without prejudice.

**IT IS FURTHER ORDERED** that if plaintiff timely submits a "Motion to Proceed without Prepayment of Costs" and "Affidavit in Support Thereof (Financial Affidavit - CJA Form 23)," the Clerk shall cause this case to be resubmitted to the Court for review under 28 U.S.C. § 1915.[1]

**IT IS FURTHER ORDERED** that plaintiff shall file an amended complaint within thirty (30) days from the date of this order. In the amended complaint, plaintiff shall complete in its entirety the court-provided civil complaint form.[2] Specifically,

---

[1] If plaintiff pays the filing fee, he will be responsible for serving the summons and complaint upon the defendants. See Fed. R. Civ. P. 4(d). Service must be made within 120 days of the filing of the complaint (in the instant case, within 120 days of the payment of the filing fee). See Fed. R. Civ. P. 4(m). Plaintiff is advised that he may seek guidance on serving the defendants from the Office of the Clerk.

[2] The Court will instruct the Clerk of Court to provide plaintiff with the proper form.

in the "Caption" of page 1 of the form complaint, where plaintiff is instructed to enter the full name of all defendants in this action, plaintiff must set forth the name of each and every defendant he wishes to sue. In addition to providing the name of each defendant, plaintiff must provide their respective addresses; In the "Statement of Claim," plaintiff shall set forth as to each named defendant the specific factual allegations supporting his claim against the particular defendant, the specific rights that he claims the defendant violated, and whether he is suing the defendant in his/her individual and/or official capacity. If plaintiff needs additional space to list all the defendants and their addresses, or to set out his claims against each defendant, he must attach additional sheets of paper to the amended complaint.

**IT IS FURTHER ORDERED** that, in addition to a copy of this Order, the Clerk shall forward to plaintiff the court-provided civil complaint form.

**IT IS FURTHER ORDERED** that plaintiff's failure to amend his complaint in accordance with this Court's instructions will result in the dismissal of this action, without prejudice.

**IT IS FURTHER ORDERED** that upon the filing of an amended complaint, the Clerk shall resubmit this action to the Court for review pursuant to 28 U.S.C. § 1915(e).

Dated this 10th day of February, 2010.

*Catherine D. Perry*
UNITED STATES DISTRICT JUDGE

5